**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kenna H., | Case No. 2:25-cv-01371-NJK |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 12] |
| Frank Bisignano, | |
| Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for benefits pursuant to Title II of the Social Security Act. Pending before the Court is Plaintiff's opening brief seeking reversal and remand. Docket No. 12. The Commissioner filed a responsive brief in opposition. Docket No. 15. Plaintiff filed a reply. Docket No. 20. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 4-5.

**I.     STANDARDS**

A.     Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  The second step addresses whether the claimant has a medically

_____

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.    Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II.    BACKGROUND

A.    Procedural History

On April 10, 2017, Plaintiff filed an application for disability insurance benefits with an alleged onset date of March 15, 2026. *See, e.g.*, Administrative Record ("A.R.") 209-10. Plaintiff's claim was remanded by the U.S. District Court for the Southern District of Ohio. A.R. 924-940. On April 28, 2023, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). A.R. 1028-1046. On February 8, 2024, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Wynne O'Brien Persons. A.R. 848-869. On March 6, 2024, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a

disability.  A.R. 821-834.  On June 18, 2025, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  A.R. 808-815.  On July 29, 2025, Plaintiff commenced this suit for judicial review.  Docket No. 1.

B.   The Decision Below

The ALJ's decision followed the five-step sequential evaluation process.  A.R. 823-834.  At step one, the ALJ found that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity during the period between his alleged onset date of March 15, 2016, through his date last insured of December 31, 2021.  A.R. 823.  At step two, the ALJ found that Plaintiff has the following severe impairments: obstructive sleep apnea, bilateral carpal tunnel syndrome status-post release in September 2019, lumbar degenerative disc disease, and obesity.  A.R. 823-826.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 826-827.  The ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no climbing ladders, ropes or scaffolds or crawling, frequent balancing, occasional remaining postural activities, no commercial driving, no exposure to hazards, frequent exposure to vibrations, and frequent bilateral handling, fingering, pushing, pulling and hand controls.  A.R. 827-832.  At step four, the ALJ found Plaintiff was unable to perform any past relevant work.  A.R. 832.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity.  A.R. 832-833.  The ALJ found transferability of job skills to be immaterial.  A.R. 832.  The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as an order caller, router, and routing clerk.  A.R. 833.  Based on these findings, the ALJ found Plaintiff not disabled.  A.R. 834.

….

….

## III.   ANALYSIS

Plaintiff argues on appeal that the ALJ reversibly erred by not considering possible reasons for why he may not have sought treatment, and that the ALJ failed to build an accurate and logical bridge between the evidence and the ALJ's findings related to his carpal tunnel symptoms. Docket No. 12 at 7-10. The Commissioner submits that any error in the ALJ's assessment of Plaintiff's self-reports was harmless because the ALJ gave several unchallenged reasons supporting that assessment, and the ALJ reasonably concluded that a medical opinion suggesting an unquantified "difficulty with fine motor activities" was vague. Docket No. 15 at 1-5. The Commissioner has the better argument.

Although there is no indication that the ALJ considered possible reasons for Plaintiff's lack of treatment, the Court finds that this error was harmless because the ALJ gave several unchallenged reasons supporting the overall assessment. The ALJ provided three reasons for why Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record. *See* A.R. 828-829. Plaintiff challenges only the third reason and, thus, waives any argument about the first two. *See* Docket No. 12 at 7-9; *see also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (reviewing courts "will not consider any claims that were not actually argued in appellant's opening brief"). The ALJ's error in not considering possible reasons for Plaintiff's lack of treatment is harmless and provides no basis for remand because the remaining reasons are supported by substantial evidence and any error does not negate the validity of the ALJ's overall finding. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

While Plaintiff contends that the Commissioner's reliance on *Carmickle* is misplaced because it did not involve the specific issue in this case and it was decided before SSR 16-3p was adopted, Plaintiff fails to demonstrate why the standard set forth in *Carmickle* is inapplicable here. *See* Docket No. 16 at 2. In *Carmickle*, the Ninth Circuit held that, even though two of the ALJ's reasons supporting his adverse credibility finding were invalid, the relevant inquiry is not whether the ALJ would have made a different decision absent any error, but whether the ALJ's decision

remains legally valid despite such error.  533 F.3d at 1162.  There, the ALJ's error in relying on the plaintiff's receipt of unemployment benefits and relatively conservative pain treatment regime did not negate the validity of the adverse credibility finding because the remaining valid reasons supporting the ALJ's determination demonstrated that the ALJ did not arbitrarily find the plaintiff's testimony incredible.  *Id.* at 1163 (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

Here, the ALJ discounted Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms based on legally permissible reasoning that was supported by substantial evidence.  First, the ALJ found that the longitudinal record does not document notable objective findings or other evidence throughout the claimant's treatment history that would support the degree of limitation alleged.  *See* A.R. 828-29.  The ALJ found that, while Plaintiff's impairments have some effect on his overall health and ability to function, those impairments are sufficiently accounted for.  *See id.* at 829.  Second, the ALJ found that Plaintiff has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations.  *See id.*  The record showed, for example, that Plaintiff could perform some household chores, prepare simple meals, do his own online shopping, perform personal care tasks, drive on his own, manage his finances, and even cut wood with a chainsaw in June 2021.  *See id.*; *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding "activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances" were properly considered by the ALJ as undermining claimant's testimony of disability because "[t]hese activities tend to suggest that the claimant may still be capable of performing the basic demands of competitive, remunerative, unskilled work on a sustained basis").

The Court further notes that Plaintiff makes no showing as to how the ALJ's error was harmful beyond citing the previous federal court's remand order, which relied on Sixth Circuit caselaw.  *See* Docket No. 12 at 8 (citing A.R. 937-38).  It is the Plaintiff's burden to establish that any error is harmful.  *See, e.g.*, *Ludwig v. Astrue*, 681 F.3d 1047 1054 (9th Cir. 2012) (discussing *Shinseki v. Sanders*, 556 U.S. 396 (2009)).  Plaintiff fails to explain why the ALJ's error impacted

the ultimate non-disability determination. *See Jessica V. v. Bisignano*, 807 F. Supp. 3d 1225, 1234 (D. Nev. 2025) (citing *Myers v. King*, 2025 WL 456943, at *5 (D. Nev. Feb. 10, 2025)).  The ALJ provided ample evidentiary support in finding Plaintiff not disabled. *See* A.R. 823-34. Plaintiff fails to advance meaningful argument as to how the ALJ erred in any harmful way by not considering possible reasons for Plaintiff's lack of treatment.

As to the second issue, whether the ALJ failed to build an accurate and logical bridge between the evidence and the ALJ's findings related to his carpal tunnel symptoms, the Court finds that the Commissioner has the better argument.  The ALJ reasonably concluded that Dr. Ray's opinion suggesting Plaintiff would have "difficulty with fine motor activities" was vague because Dr. Ray did not delineate any particular activities that Plaintiff's apparent difficulty would preclude and did not specify the degree of difficulty that Plaintiff experienced.  The ALJ supported his finding that he was only partially persuaded by Dr. Ray's opinion because his finding was only partially consistent with evidence of "normal motor and digit strength, intact sensation, normal range of motion, no muscle spasms, normal deep tendon reflexes, [and] normal coordination." *See* A.R. 829-30. *Contra Belle on behalf of J.S. v. Saul*, 2021 WL 5513527, at *5 (D. Nev. Nov. 5, 2021), *report and recommendation adopted*, 2021 WL 5510222 (D. Nev. Nov. 24, 2021) ("review of the ALJ's findings summarizes certain pieces of evidence, then simply asserts a conclusion without constructing a bridge from one to the other").

**IV.    CONCLUSION**

The decision below is **AFFIRMED**.  The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: June 22, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

6